RENNE SLOAN HOLTZMAN SAKAI LLP
LOUISE H. RENNE (36508)
INGRID M. EVANS (179094)
DAVID L. CHENG (240926)
STEVEN P. SHAW (242593)
350 Sansome Street, Suite 300
San Francisco, CA 94104-1304
Telephone: 415/678-3800
415/678-3838 (fax)

FINKELSTEIN & KRINSK LLP
JEFFREY R. KRINSK (109234)
MARK L. KNUTSON (131770)
C. MICHAEL PLAVI II (217153)
501 West Broadway, Suite 1250
San Diego, CA 92101
Telephone: 619/238-1333
619/238-5425 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANICE KENNEDY, Individually, and on Behalf of Herself and All Others Similarly Situated.<br><br>Plaintiffs,<br><br>vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation.<br><br>Defendant. | Case No. C-07-0371 CW<br><br>The Honorable Claudia Wilken<br><br>**PLAINTIFF'S [PROPOSED] PRE-TRIAL ORDER NO. 1 REGARDING APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**  AS MODIFIED |

Having reviewed the motion of Plaintiff Janice Kennedy for appointment of Interim Co-Lead Class Counsel and appearing to the Court that the appointment of Interim Co-Lead Class Counsel is necessary for the efficient administration of this case it is hereby ORDERED as follows:

- 1 –

## I. APPOINTMENT AND ORGANIZATION OF PLAINTIFF'S COUNSEL

### A. The Counsel Listed Below Are Designated To Act On Behalf Of Plaintiff In This Action And All Subsequently Filed Actions.

Renne Sloan Holtzman Sakai, LLP and Finkelstein & Krinsk, LLP are appointed as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23 (g)(2)(A) to act on behalf of the Plaintiff and the proposed class members in this action.

### B. Responsibilities Of Interim Co-Lead Class Counsel

1. Interim Co-Lead Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiff's counsel. In addition, Interim Co-Lead Class Counsel shall provide general supervision of the activities of Plaintiff's counsel.

2. Interim Co-Lead Class Counsel shall also maintain lists of all Plaintiff's counsel and their respective addresses, and will be responsible for receiving and distributing to all Plaintiff's counsel in the action all notices, orders and other communications from the Court. Interim Co-Lead Class Counsel shall keep complete files of all materials received and make those materials available for inspection at reasonable hours.

3. No pleadings or other papers shall be filed or tasks performed by Plaintiff's counsel without the advance approval of Interim Co-Lead Class Counsel. No discovery shall be conducted by Plaintiff without the advance approval of Plaintiff's Interim Co-Lead Class Counsel. This is intended to prevent duplication of pleadings, discovery or tasks, by Plaintiff's counsel. All pleadings or other papers filed with the Court on behalf of any Plaintiff shall be filed through Interim Co-Lead Class Counsel.

4. All Plaintiff's counsel shall submit to Interim Co-Lead Class Counsel a record of time expended and expenses incurred in the manner, form and frequency directed by Interim Co-Lead Class Counsel.

PLAINTIFF'S [PROPOSED] PRE-TRIAL ORDER NO. 1 RE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

## II. NOTICE OF SUBSEQUENTLY FILED CASES

If a similar, related case is filed in this jurisdiction all parties bear the responsibility of notifying the Court and all other parties of the filing.

This order shall apply to each case arising out of the same or substantially same events or transactions, or the same or substantially same defendants, which are filed in, removed to, or transferred to this Court after the date of this order, unless a party objecting to any provision of this order files an application for modification within ten days after such party received a copy of this order and this Court deems it appropriate to grant the application.

## III. ~~ADMISSION OF ATTORNEYS~~

~~All attorneys of record for the parties in this action are deemed admitted *pro hac vice* to practice before this court, and no *pro hac vice* applications for admissions to practice by counsel of record are required. Unless the Court otherwise orders, no counsel of record for any party shall be required to obtain local counsel in the Northern District of California.~~

## IV. PRESERVATION OF EVIDENCE

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## V. SERVICE OF DOCUMENTS

Plaintiff shall serve Defendant with all pleadings, motions and other Court filings by serving Defendant's counsel. (1) in PDF format by electronic mail; or (2) by facsimile; or (3) by overnight delivery one day prior to the date when such service is due.

Defendant shall serve Plaintiff with all pleadings, motions and other Court filings by serving Plaintiff's Interim Co-Lead Class Counsel. (1) in PDF format by electronic mail; or (2) by facsimile; or (3) by overnight delivery one day prior to the date when such service is due. Defendant shall serve all other Plaintiff's counsel via U.S. Mail on the date such service is due.

Pursuant to Fed. R. Civ. P. 5, service of Plaintiff's Interim Co-Lead Class Counsel and service of Defendant's Counsel constitutes service on other attorneys and parties for whom such counsel acts. For the purpose of computing time under Fed. R. Civ. P. 6, one day shall be added to the prescribed period when service is effectuated by electronic means under this order.

## VI. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between Plaintiff's counsel shall not be deemed a waiver of attorney client privilege or attorney work product. Similarly, the mere communication of information among and between counsel for Defendant shall not be deemed a waiver of attorney client privilege or attorney work product.

## VII. MISCELLANEOUS

Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pretrial proceedings in this action.

IT IS SO ORDERED.

DATED: 4/26/07  _____

HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

- 4 –

PLAINTIFF'S [PROPOSED] PRE-TRIAL ORDER NO. 1 RE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL