IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE KENNEDY, Individually, and on Behalf of Herself and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,<br><br>        Defendant. | No. C 07-0371 CW (MEJ)<br><br>**ORDER IN RESPONSE TO PARTIES' FEBRUARY 21, 2008 LETTER BRIEF REQUESTING PRODUCTION OF PLAINTIFF'S TAX RECORDS FOR 2000 TO PRESENT** |

    Before the Court is the parties' letter brief, filed on February 21, 2008, relating to defendant Jackson National Life Insurance Company's ("JNL") request for discovery relief. JNL seeks an order compelling production of Plaintiff Janice Kennedy's tax returns from the period 2000 to present. Kennedy objects on relevance and privacy grounds.

    JNL argues that the information requested is clearly discoverable because Kennedy puts her tax records directly at issue by alleging JNL's practices resulted in negative tax consequences for her and the class. JNL further argues that the tax records are relevant to Kennedy's claim for damages and the suitability of deferred annuities for Kennedy given her financial situation. JNL argues that Kennedy's tax returns are the only documents that can show her comprehensive financial situation and therefore prove or disprove these allegations. Additionally, JNL argues that tax records are

particularly discoverable where, as here, a protective order is in place.

In response, Kennedy argues that JNL mischaracterizes plaintiff's claims. Kennedy argues she is alleging that JNL prevents their customers from making an informed choice about purchasing deferred annuities; the particular financial situation and tax records of any of the plaintiffs is irrelevant. Kennedy also points out that there is a public policy disfavoring disclosure of tax returns, especially if the information can be obtained in a less intrusive way. Kennedy has accordingly offered to provide JNL with specific information that JNL would find in Kennedy's tax records, and has already given JNL hundreds of pages of documents pertaining to Kennedy's financials.

Under Federal Rule of Civil Procedure ("FRCP") 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, the scope of discovery under the Federal Rules is extremely broad. *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Thus, "the question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information has no conceivable bearing on the case." *Soto*, 162 F.R.D. at 610.

There is a public policy against unnecessary disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). Therefore, discovery will not be compelled unless the discovering party shows both the relevancy of the information sought and a compelling need for production of the tax returns because they information is not otherwise readily available. *San Francisco Bay Area Rapid Transit v. Spencer*, 2006 WL 3050860 at *1.

Here, the Court requests further information from Plaintiff Kennedy in order to decide whether the tax records are discoverable. Therefore, within 7 days from the date of this Order, Plaintiff Kennedy shall draft and submit to this court a declaration stating: (1) whether she is alleging that Defendant JNL's conduct had actual tax consequences; (2) if so, what these tax

2

consequences were; (3) how these tax consequences, if any, affected her; and (4) whether she has an accountant who can verify any tax consequences suffered specifically by the Plaintiff Kennedy.

**IT IS SO ORDERED.**

Dated: July 14, 2008

_____
Judge Maria-Elena James
United States Magistrate Judge

3