IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANICE KENNEDY, individually, and on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,

    Defendant.
                                          /

No. C 07-0371 CW

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

    Plaintiff Janice Kennedy moves for leave to file a Second Amended Class Action Complaint. Defendant Jackson National Life Insurance Company opposes the motion. The matter was heard on October 1, 2009. Having considered oral argument and all of the papers submitted by the parties, the Court DENIES Plaintiff's motion.

## BACKGROUND

    The following allegations are contained in the First Amended Complaint, the operative pleading. Defendant, a Michigan corporation, markets and sells deferred annuity products nationally through brokers and financial institutions. In January, 2004, Plaintiff, at age sixty-five, purchased Defendant's Bonus Max II deferred annuity policy from an independent broker authorized by Defendant to sell its products. In 2005, Plaintiff surrendered her policy, incurring charges. Had Plaintiff not surrendered the

policy, it would have matured in 2029 when Plaintiff would be ninety-one years old.

Plaintiff alleges that Defendant misleads senior citizens into purchasing deferred annuities that have maturity dates that exceed the seniors' actuarial life expectancy. Defendant allegedly trains and encourages its affiliated brokers to target senior citizens. These brokers allegedly use fraudulent and deceptive sales tactics to persuade senior citizens to invest in Defendant's deferred annuities.

In her First Amended Complaint, Plaintiff seeks certification of a nationwide class of persons

> aged sixty-five and older who, within the applicable statute of limitations and while sixty-five years or older, purchased one or more of Defendant's deferred annuities either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing life insurance policy.

First Am. Compl. ¶ 7. She also seeks certification of a California subclass to prosecute state law causes of action. Plaintiff defines the state subclass as

> All California residents who, within the applicable statute of limitations while sixty-five years of age or older, purchased one or more Jackson National Life Insurance Company deferred annuities either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing life insurance policy.

Id. ¶ 8.

The First Amended Complaint contains seven causes of action: violations of the Racketeer Influenced and Corrupt Organization (RICO) Act; state law financial elder abuse; violation of

California Business and Professions Code §§ 17200, et seq.; violation of California Business and Professions Code §§ 17500, et seq.; state law fraudulent concealment; common law fraudulent inducement and misrepresentation; and common law fraud.

Pursuant to the case management order entered by the Court on July 2, 2007, Plaintiff's deadline for adding parties or claims was September 26, 2007. (Docket No. 50.) Pursuant to stipulation, the Court extended this deadline to March 28, 2008. (Docket No. 59.)

Plaintiff filed this motion on August 20, 2009. The proposed Second Amended Complaint would make three changes. First, Plaintiff seeks to add two additional plaintiffs, Russell Hemen and Maxine Derry. According to the proposed complaint, Mr. Hemen, at age seventy-three, purchased Defendant's Bonus Max II and Elite Annual Reset annuities. Ms. Derry, at age sixty-nine, purchased Defendant's Elite 90 annuity.

Plaintiff's second change would replace the California subclass of purchasers aged sixty-five years or older with two new California subclasses. The first proposed subclass would include all California residents who purchased one of Defendant's annuities, and would prosecute claims under California's unfair competition and false advertising statutes. The second proposed subclass would include California residents who purchased one of Defendant's annuities at age sixty-five or older, and would prosecute claims under California's financial elder abuse law.

Finally, Plaintiff seeks to update her pleadings to reflect material obtained through discovery.

3

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been ordered, a party's ability to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

DISCUSSION

As noted above, the proposed complaint adds two new plaintiffs who purchased Defendant's annuities other than the Bonus Max II bought by Plaintiff. They are necessary, Plaintiff asserts, to expand the scope of discovery. In her June 26, 2008 and December 8, 2008 orders, the Honorable Maria-Elena James limited discovery to the Bonus Max II annuity. (See Docket No. 77 (June 26, 2008 discovery order); Docket No. 95 (December 8, 2008 discovery order).) Plaintiff maintains that, without the additional discovery, she will be unable to show that Defendant fails to disclose information regarding all its fixed and fixed index annuities. See Pl.'s Reply at 2; Compl. ¶ 4. Moreover, Plaintiff states that she needs the additional discovery to support her class

4

certification motion because new evidence will show similarities among Defendant's annuity products. Pl.'s Mot. at 8. To establish her diligence, Plaintiff argues that she could not have added Mr. Hemen and Ms. Derry sooner because they did not approach Plaintiff's counsel until April and May, 2009.

Plaintiff does not establish good cause to add the new parties after the March 28, 2008 deadline. If Plaintiff disagreed with Judge James's orders narrowing discovery, Plaintiff could have filed a motion with the Court pursuant to Local Rule 72-2. She did not. Instead, Plaintiff waited over a year after the first adverse discovery order to seek to amend her complaint in pursuit of wider discovery. While Plaintiff could not add the proposed plaintiffs before they contacted counsel, she could have prosecuted her case more diligently.

Also, reopening discovery and further delaying proceedings would prejudice Defendant, which weighs against granting Plaintiff leave to amend. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000). Pursuant to several stipulations, the Court has extended the fact discovery deadline more than a year after the original July 31, 2008 date. (Docket No. 50.) Defendant will undoubtedly bear additional expenses if discovery continues. Thus, while prejudice to a defendant does not control a Rule 16 analysis, the Court considers the numerous delays in this case.

Plaintiff cites several cases where courts granted leave to add parties. However, many of these cases involved the more liberal standards of Rule 15, not the good cause standard of Rule 16. See, e.g., Ray v. BlueHippo Funding, LLC, 2008 WL 5048447 (N.D. Cal.); Brown v. Dist. of Columbia, 199 F.R.D. 9, 10 (D.D.C.

2001). One case cited by Plaintiff that applied Rule 16, <u>Fru-Con Construction Corporation v. Sacramento Municipal Utility District</u>, 2006 WL 3733815 (E.D. Cal.), is also distinguishable. In <u>Fru-Con</u>, the court granted the Sacramento Municipal Utility District (SMUD) leave to amend its counterclaim against Fru-Con by adding counter-defendants. <u>Id.</u> at *3-*4. Evidence SMUD obtained through discovery revealed that Fru-Con was potentially only an agent or alter ego of the proposed counter-defendants. <u>Id.</u> at *1. Within two months of this discovery, SMUD sought leave to file its amended complaint. <u>Id.</u> at *4. Because the evidence provided new factual bases for liability and SMUD acted diligently, the court found good cause. Here, as Plaintiff concedes, the "proposed amendments do not substantially change the scope of this case . . . ."[1] Pl.'s Reply at 1. Moreover, as discussed above, Plaintiff does not seek to add these Plaintiffs because of newly discovered evidence. Instead, Plaintiff seeks to add new plaintiffs so that she may discover new evidence.

Plaintiff also seeks to replace the California subclass with two new California subclasses. Most significantly, she proposes a subclass that would encompass California residents, regardless of age, who purchased Defendant's products. Plaintiff states that she wishes to expand the definition because she has discovered evidence that Defendant deceived all California purchasers. However, Plaintiff did not explain when she discovered this evidence. This

---

[1] In her reply, Plaintiff also asserts that the amendments will "not substantially change the scope of discovery." (Reply at 1.) This appears to contradict Plaintiff's assertion in her opening brief and at oral argument that the new plaintiffs are needed to expand discovery.

6

contrasts with Fru-Con, where SMUD specifically identified the relevant depositions supporting its new claims. Id. at *4. SMUD, as stated above, sought leave to amend two months after the depositions, which led the court to conclude that SMUD was diligent. Id. Here, discovery has extended over two years and Plaintiff did not identify the particular evidence that supports her new allegation or when she discovered it. The Court cannot find that Plaintiff was diligent in seeking leave to amend for this purpose.

Finally, Plaintiff seeks to amend her complaint to include evidence obtained through discovery. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" Ojo v. Farmers Group, Inc., 565 F.3d 1175, 1194 (9th Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 552-64 (2007)). At this stage of the litigation, Defendant is already on notice of Plaintiff's claims. Thus, Plaintiff need not amend her complaint to plead all her newly found evidence.

CONCLUSION

For the foregoing reasons, the Court does not find good cause for Plaintiff to file a Second Amended Class Action Complaint. Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated: 10/14/09

CLAUDIA WILKEN
United States District Judge