UNITED STATES DISTRICT COURT

Northern District of California

JANICE KENNEDY,

            Plaintiff(s),

  v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,

            Defendant(s).
_____/

No. C 07-00371 CW (MEJ)

**DISCOVERY ORDER RE DKT. ##143, 144**

**ORDER CONTINUING CLASS CERTIFICATION MOTION DEADLINES**

On October 30, 2009, the parties in this action filed two joint letters detailing discovery disputes concerning Plaintiff's document requests. (Dkts. ##143, 144.) On November 5, 6, 12, and 16, 2009, the Court held telephonic conference calls and in-person hearings with the parties to address certain issues raised in the joint letters and to discuss the most efficient resolution to the disputes. The Court now rules as follows:

With respect to Plaintiff's request to compel production of documents responsive to its Request for Production No. 44, the Court **GRANTS** Plaintiff's request. However, Defendant may choose whether it shall produce documents and/or electronic data responsive to Request No. 44 subparts 1-22 either: (a) for all annuity products issued to person 65 years of age or older at the time of issue, or (b) a random sample of 1,000 participants. Said production shall be completed by January 8, 2010. If Defendant chooses the random sample option, the parties shall meet and confer within four (4) days to determine the random sample.

With respect to Plaintiff's request to compel production of documents and electronic data responsive to its Document Request No. 45, the Court **GRANTS** Plaintiff's request. Said production shall be completed by December 11, 2009.

With respect to Plaintiff's request to compel production of documents responsive to Document Request No. 46, the Court **GRANTS** Plaintiff's request. Said production shall be completed by December 11, 2009.

With respect to Plaintiff's request to compel production of documents responsive to

Document Request Numbers 47 through 54, the Court **DENIES** Plaintiff's request as currently framed.

With respect to Plaintiff's request to compel production of Actuarial Documents for products other than the Bonus Max II, the Court rules as follows. The Court finds that Plaintiff has not proffered any persuasive explanation excusing her delay in re-moving to compel production of these document ten months after the Court issued its December 8, 2008 Order and just weeks before the parties' class certification briefs are due. As Judge Wilken indicated in her October 14, 2009 Order, if Plaintiff disagreed with the undersigned's ruling, she could have filed a Motion with Judge Wilken pursuant to Local Rule 72-2. Moreover, to the extent that Plaintiff believes that this ruling will adversely affect her ability to present evidence in support of her class certification motion or in prosecuting this case, the Court notes that its rulings with respect to Plaintiff's other requests to compel production discussed above not only provide Plaintiff with the type of evidence she seeks with respect to products other than the Bonus Max II, but strikes a fair compromise between the parties given the timing of Plaintiff's requests and the new burden on Defendant to expeditiously produce the documents. Accordingly, the Court **DENIES** Plaintiff's request to compel production of Actuarial Documents regarding products other than Bonus Max II.

Further, after conferral with Judge Wilken, the Court hereby modifies the class certification briefing schedule as follows:

Plaintiff's class certification motion (with expert reports) shall be due on or before January 28, 2009.

Defendant's opposition (with expert reports) shall be due on or before February 19, 2009

Plaintiff's repy shall be due on or before March 12, 2009.

A hearing on the motion for class certification will be held on April 8, 2010 at 2:00 p.m. (As previously scheduled).

**IT IS SO ORDERED.**

Dated: November 16, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge