UNITED STATES DISTRICT COURT

Northern District of California

JANICE KENNEDY,

                Plaintiff(s),

   v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,

                Defendant(s).
_____/

No. C 07-0371 CW (MEJ)

**ORDER RE: DISCOVERY DISPUTE (DKT. ## 199, 214, 215)**

## I. INTRODUCTION

Before the Court is the joint discovery dispute letter ("Joint Letter") filed by the parties on March 25, 2010. (Dkt. #199.) On April 8, 2010, the undersigned held a hearing on the matter, following which the parties submitted further briefing. (Dkt. ## 214, 215.) After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. DISCUSSION

This dispute centers around Plaintiff having noticed the deposition of Defendant's CEO, Clark P. Manning, Jr.[1] (Joint Letter at 2.) Defendant seeks a protective order to prevent Plaintiff from deposing Manning. *Id.* at 3-4. Defendant argues that Manning has no personal involvement in or knowledge of certain of Defendant's business practices at issue in this lawsuit. *Id.* Defendant argues that this "apex deposition" should not be permitted to go forward because Plaintiff has not articulated good cause to disrupt the busy schedule of Manning, a high-ranking executive, and has not shown that Manning possesses unique information which cannot be obtained through a less burdensome discovery method. *Id.* at 4.

---

[1] Other issues raised in the Joint Letter were resolved, at least temporarily, at the hearing. The only issue currently before the undersigned is the deposition of Defendant's CEO.

### A. Legal Standard

Rule 26(c) provides that a court may, upon a showing of good cause by the party seeking protection, issue an order to protect a party from annoyance, embarrassment, oppression, undue burden or expense. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citations removed).

### B. Application to the Case at Bar

In her portion of the Joint Letter and at the hearing, Plaintiff argued that Manning's name was mentioned "no less than twenty times" by Lisa Drake during her Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition regarding Actuarial Policies. *Id.* at 6. Plaintiff argues that because Drake testified that Manning determines interest crediting rates, renewal rates, and product pricing spreads, receives reports and participates in regular meetings concerning the design, sale and performance of deferred annuity products, Manning's deposition is proper as he has direct involvement and personal knowledge of facts and issues relevant to the litigation. *Id.* At the hearing, Plaintiff submitted to the Court and to Defendant a copy of Drake's deposition with relevant portions highlighted.

Defendant argues that Drake's testimony during her Rule 30(b)(6) deposition regarding Defendant's actuarial policies demonstrates nothing other than that Manning provided "the high-level direction and oversight one would expect of a CEO." (Def.'s Briefing at 1, Dkt. #214.) Defendant argues that Drake's testimony "makes two unremarkable and irrelevant points[,]" that Manning determines the overall pricing of Defendant's products from a "global" perspective and that he receives a regular report and meets with management to monitor the sales and performance of Defendant's products. *Id.* Defendant argues that this high-level strategic responsibility does not amount to unique personal knowledge. *Id.* Defendant further argues that Plaintiff does not challenge Defendant's global pricing, nor does she allege insufficient monitoring of sales and performance of Defendant's products by upper management. *Id.* at 1-2. What Plaintiff does challenge in this case, Defendant argues, is payment of commissions to sales agents, details

regarding possible bias in her annuity's "excess interest adjustment[,]" and the allegedly illusory nature of Defendant's first-year bonus interest rate. *Id.* at 2.  Defendant argues that Plaintiff has failed to demonstrate that Manning had any involvement in these practices even in a general sense. *Id.*  Finally, Defendant argues that it is entitled to a protective order because Plaintiff has not demonstrated that Manning can provide any information regarding these matters that has not already been provided by the head of Defendant's actuarial department, who has already been deposed. *Id.*

In response, Plaintiff argues that Defendant has not met its burden of proving that a one-day deposition of Manning would cause "annoyance, embarrassment, oppression, or undue burden or expense." (Pl.'s Briefing at 1, Dkt. #215.)  Plaintiff argues that Defendant attempts to mis-characterize the testimony of Drake so it appears that Manning has "global" rather than direct knowledge of facts at issue.  *Id.*  Plaintiff argues, per Drake's testimony, that Manning has unique personal knowledge of renewal rates, product pricing and spreads, interest crediting rates within individual annuity plans, and that he is the main decision-maker regarding these issues.  (*Id.* at 1-2; RT 81:19-25, 100:1-16; 103:4-10, 139:7-10, 140:21-24.)  Plaintiff argues that Drake's testimony "imputing direct and sole responsibility of interest crediting rate practices to Mr. Manning" mandates that this Court deny Defendant's motion seeking a protective order.  (Pl.'s Briefing at 1, Dkt. #215.)

"While a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied, courts are sometimes willing to protect high-level corporate officers from depositions when the officer has no first hand knowledge of the facts of the case or where the officer's testimony would be repetitive." *Mehmet v. PayPal, Inc.*, C 08-1961 RMW, 2009 WL 921637, at *2 (N.D. Cal. 2009) (internal citations removed).  However, just because another witness has testified regarding the same facts does not mean such testimony would be repetitive. *First Nat'l Mortgage Co. v. Federal Realty Inv. Trust*, C 03-02013 RMW, 2007 WL 4170548, at *2 (N.D. Cal. November 19, 2007).  Courts will usually not permit an apex deposition to go forward where lower level employees with more intimate knowledge of the case have not yet been deposed. *Id.* (citing *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979)).  But, where the testimony of lower level

3

employees indicates that the apex deponent may have some relevant personal knowledge, the party seeking protection will not likely meet the high burden necessary to warrant a protective order. *See First Nat'l Mortgage Co.*, 2007 WL 4170548, at *2; *Google v. American Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF; 2006 WL 2578277, at *3 (N.D. Cal. September 6, 2006). However, the deposition may be limited in scope to the actual involvement of the high-level executive in the policies or practices at issue, and may also be limited in length. *Google*, 2007 WL 2578277, at *3 (limiting the scope of the deposition of Google's founder to his knowledge and involvement of the policy change at issue, and limiting the length to three hours).

Here, the Court finds that Defendant's CEO may have relevant personal knowledge regarding the facts of this case. Specifically, the Court notes that Lisa Drake mentioned him several times in her Rule 30(b)(6) deposition as being the main decision-maker regarding interest crediting rates, product pricing and spreads for purposes of recovering undisclosed product costs, and expenses and maintaining profit margins. (Pl.'s Briefing at 2, Dkt. #215.) Furthermore, the Court finds that Defendant has not shown good cause as to why a protective order is warranted regarding Manning's deposition. Defendant only argues that the deposition would result in lost productivity and a disrupted schedule, that Plaintiff has not articulated good cause to disrupt Manning's busy schedule, and that Plaintiff seeks only to harass Manning. (Joint Letter at 2, 4; Def.'s Briefing at 1, Dkt. #215.) The Court disagrees and finds that Plaintiff has articulated good cause warranting Manning's deposition, and that a one-day deposition would not be burdensome. Plaintiff seeks to depose Manning for one day, and the Court is amenable to Plaintiff's request.

### III.  CONCLUSION

Based upon the foregoing, the Court hereby DENIES Defendant's motion for a protective order. Mr. Manning, Jr.'s deposition shall be limited to one day of seven hours in length, and shall take place at Defendant's office in Lansing, Michigan, per Plaintiff's statement at the hearing.

**IT IS SO ORDERED.**

Dated: April 22, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

4